OPINION
Appellant, Clyde Bush, appeals a decision of the Trumbull County Court of Common Pleas denying his request for an order forcing the Warren Police Department to provide him with the employment records of former Warren Police Officer, James Teeple. The following facts are relevant to a determination of this appeal.
Appellant was indicted on December 15, 1989, on eight counts of rape, one count of attempted rape, and five counts of gross sexual imposition. He pled guilty on all charges and was sentenced on March 8, 1990, to life imprisonment on all eight counts of rape, ten to twenty-five years on the attempted rape charge, and two years for each of the five gross sexual imposition charges. The sentences were ordered to be served concurrently.
Eleven years later, on February 23, 2001, appellant filed a motion for disclosure of records in the trial court. Specifically, appellant sought disclosure of the employment records of former Warren Police Officer James Teeple who, allegedly, was a polygraph technician during the time period from 1989 to 1990, in the Warren Police Department. On March 20, 2001, the trial court denied appellant's request for disclosure of records stating that it lacked jurisdiction to make such an order. Additionally, the trial court indicated that the proper public records request should have been filed with the Warren Police Department pursuant to R.C. 149.43.
Appellant filed a notice of appeal from the trial court's decision and has now set forth two assignments of error. First, appellant contends that the trial court erred by failing to grant his motion for disclosure of records. In the second assignment of error, appellant argues that the trial court erred by concluding that it did not have authority to grant his motion. These assignments of error are related and, therefore, will be considered in a consolidated manner.
Appellant's argument that the trial court erred by refusing to grant his request for disclosure of the employment records of former Warren Police Officer James Teeple is meritless. Pursuant to R.C. 149.43(B), a person seeking access to public records must first make his request to the public office responsible for maintaining the record in question in this case, the Warren Police Department. If that person is wrongfully denied access to the record, recourse may be sought through the court system by way of a mandamus action. R.C. 149.43(C); State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, paragraph one of the syllabus.
In the present case, there is no evidence that appellant sought disclosure of the records from the Warren Police Department. Additionally, no mandamus action has been filed. Accordingly, the trial court properly determined that it did not have jurisdiction to consider appellant's request. We do not reach the issue of whether or not appellant would be entitled to the records in question had he followed proper procedure.
Appellant's assignments of error are without merit. The judgment of the trial court is hereby affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.